

FILED
JAN 3 0 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOSEPH KINARD, )
)
    Plaintiff, )
v. ) Civil Action No. 1:19-cv-03743 (UNA)
)
DONALD TRUMP, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of the complaint and plaintiff's application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A(b)(1) (requiring immediate dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted). The pending motion for disclosure will be denied.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the Court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a prisoner at Allenwood Federal Correctional Institution, located in White Deer, Pennsylvania, sues the President of the United States, the U.S. Attorney General, the Assistant

Director of the Office of U.S. Attorneys, the Deputy Director of the U.S. Marshal Service, the Associate General Counsel of the U.S. Marshal Service, and two John Does. The action proceeds as one under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. Plaintiff alleges that "[h]is efforts to utilize the Freedom of Information Act appear to have been either refused, neglected, hidden, or ignored by the government. [He] requested the documents twice (from the clerk of courts then FOIA, then filed a 'Motion for Disclosure' in his criminal case (Criminal No. F-10034-96) to no avail, or even response."

FOIA jurisdiction extends to claims arising from an agency's improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. §§ 552(a)(3)(A), (4)(B)(1); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)). Plaintiff does not allege that an agency has improperly withheld records responsive to a properly submitted FOIA request. *See Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (An "agency's disclosure obligations are triggered by its receipt of a request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'") (quoting 5 U.S.C. § 552(a)(3)(A)). The instant complaint neither references a FOIA request number nor contains any other information, *e.g,* a copy of the actual request(s) submitted.

Furthermore, FOIA authorizes suit against federal agencies but does not create a right of action against individual employees of the agency. *United States Dep't of Navy,* 732 F. Supp. 240, 241 (D.D.C. 1990). Plaintiff has sued only individual defendants, which is improper. *Id.* In fact, it is unclear which agency, if any, allegedly fielded any FOIA request(s).

Plaintiff's motion for disclosure seeks release of "grant jury transcripts, ballot, or record of inspection, indictment; and criminal complaint." The motion also fails to provide any identifying information regarding any specific FOIA request.

For all of these reasons, plaintiff has failed to state a viable claim under the FOIA. For the stated reasons, the complaint [1] will be dismissed and the motion for disclosure [4] will be denied. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: 1/29/20